## RANDALL *v.* UNITED LIFE & ACCIDENT INS. ASS'N.

*(Superior Court of New York City, General Term.   May 4, 1891.)*

**1. CONTINUANCE—SICKNESS OF COUNSEL.**
   A vague certificate of a physician to the illness of counsel, not verified, is not ground for postponement of trial of a cause after it has been on the day calendar for several days.

**2. OPENING DEFAULT—GROUNDS.**
   A motion to open a default and inquest thereon is properly denied where no defense to the action is shown, or where there is but slight ground for belief that, on a trial, defendant would recover, or would materially lessen the damages recovered on the inquest.

Appeals from trial term.

Action by George H. Randall against the United Life & Accident Insurance Association. Defendant appeals from an order denying its motion to postpone the trial, and from an order denying its motion to open a default and inquest taken against it, and from an order denying its motion for a reargument of the last-mentioned motion.

Argued before SEDGWICK, C. J., and McADAM, J.

*Harry Wilbur*, for appellant.   *Samuel H. Randall*, for respondent.

PER CURIAM. The action of the judge at trial term, in refusing defendant's application for an adjournment, should not be reversed. The case had been on the day calendar for several days, and when it was called for trial there was no reason given for postponement, excepting a vague and insufficient certificate of a physician that the defendant's counsel was ill. This was rightly disregarded, as it was not verified. The judge rightly exercised discretion in refusing to open the default and inquest. Several reasons might be adduced. The principal one was that it did not appear that there was any defense to the action to go to a jury. There was the same kind of defect in the motion for reargument. On that motion, the only support of defense·

that was offered was a statement in an affidavit that a resident of another state would testify that he was a physician, and looked at the plaintiff for the purpose of seeing if he were injured, and did not see any marks of hurt. This was but slight ground for a belief that, if there were a trial, the defendant would recover, or would materially lessen the damages recovered on the inquest. The orders are affirmed, with $10 costs.